Brinkerhoee, C.J.
On the 19th of July, 1855, the plaintiff, Conover, filed, in the common plea,s of Trumbell county, his petition, in the nature of a bill' in equity, against the defendant, Porter and wife, setting forth that on the 16th of March preceding, he had recovered in said court a judgment against said Porter, for eleven hundred and odd dollars, which was a lien upon the real estate of said Porter, consisting of a tract of two hundred and seventy-six acres of land, described in the petition. The leading object and prayer of'the petition is to set aside, as illegal and void, a mortgage, ostensibly made and executed by defendant, Porter and wife, on the same premises, to one Hall, who is made a party defendant, on the 13th of July, 1854, and lodged with the county recorder for record on the same day, and to have the premises subjected to sale, free from the incumbrance of said mortgage, and the proceeds distributed to himself and other judgment creditors ofPorter, according to their priorities of lien.
Hall, Mrs. Porter, and other defendants, having answered and set forth their respective claims, trial was had and judgment rendered in the common pleas, from whence the case was appealed to the district court, and by it was reserved for the decision of this court, upon questions of law, arising upon the-following state of facts as found by the district court:
“ This cause comes on to be heard upon the pleadings of the parties on file, and proofs, and exhibits, and is submitted to, and tried by the court, as to the question made by the pleadings as to the validity of the mortgage of said William Porter to Turhand K. Hall, and the court, on hearing, find the said mortgage was executed and delivered in the following manner, to-wit: Said William Porter, intending to convey a small portion of said premises to a school district, signed and sealed, .together with his wife, the printed blank form of a mortgage *452 ( which is now the mortgage relied upon by said Hall, and filed1 as part of the papers herein), in the presence of the two witnesses who signed the same as witnesses, and which signing- and sealing, was then and there acknowledged by said grantors before B. D. Carlile, a justice of the peace of said county, who then and there signed the printed form of acknowledgment at the foot of said instrument, all of which was done with the intention, on the part of said Porter and wife, that the same should be afterward filled up as a deed to said school district, but which was never done; and they further find, that the said Porter afterward being desirous of borrowing from said T. K. Hall, four thousand dollars, upon the security of a mortgage upon the premises therein described, filled up the aforesaid printed paper, thus signed, as it now appears,- and on the day of its date, delivered the same to said Hall, as a good and valid mortgage upon said premises, and said Hall then and there received the same from him as such, and loaned said Porter, upon that security, said four thousand dollars, supposing the same to be a good and valid mortgage upon said premises, and in all respects properly executed and acknowledged, and as the same now appears, and on the same day delivered the same to the recorder of said county for record, and the same was duly recorded, and in ignorance of any defect in said mortgage, and of any fact which might render the same defective,’ and remained so in ignorance until long after the commencement of this action. And the judges of said district court, in view of the important and difficult questions arising from the aforesaid facts, and on motion of plaintiff’s counsel, it is ordered, that said legal question be reserved, and sent to the supreme court for decision, and that an entry be made accordingly upon the journal of this court.”
On the state of facts thus found, it is apparent, that the instrument admitted to record as a mortgage, is, in fact, no. mortgage at all. The statute requires mortgages to be signed, sealed, attested by two witnesses, acknowledged before a designated officer, and a certificate of such acknowledgment to-be appended under the hand of the officer taking such acknowledgment. Here, all these things were done with due. *453 . .regularity aud solemnity, not, however, in respect to a mortgage, but in respect to a blank — without grantee, without a subject matter, and without a condition of defeasance. All these were secretly added by Porter, but had no existence at the time of the formal execution of the paper. It never was, therefore, a mortgage in fact.
On the other hand, it is equally clear, that if the claim of the plaintiff is to prevail, and the ostensible mortgage is to be •held of no effect, it will — whatever the private intent of Porter may have been — operate, in effect, as a gross fraud upon Hall, who, bona fide, and without a suspicion of its invalidity, loaned his four thousand dollars on the faith of it.
Mrs. Porter, in her answer, avers that she joined in the signing, sealing and acknowledgment of the paper, in the manner and with the intent as found by the district court, and that the blanks were filled and the paper delivered to Hall without her knowledge or consent. And, it does not appear, that these averments are in any way controverted by proof. It is, therefore, also clear, that if the claim of Hall is to be allowed, as against Mrs. Porter, it will operate as a fraud equally •gross and far meaner upon her, who will then have released her inchoate right of dower in a tract of two hundred and seventy-six acres of land, while she supposed she was making such release only in an insignificant patch for the site of a •schoolhouse.
It would be a disgrace to our jurisprudence and our legislation if such results were admissible.
The plaintiff in this case, being a judgment creditor and the holder of a judgment lien of a date subsequent to the ostensible mortgage, comes into court and appeals to its equity jurisdiction to set aside the mortgage.
(1.) Let us first look at the ease in the light only of general principles, and without reference to the particular provisions of our statutes on the subject of mortgages.
On general principles then, the plaintiff, as the holder of a judgment lien, stands in the shoes of Porter, the judgment debtor; and he can make no higher or better claim against Hall than Porter himself would be permitted to make. *454 Judgment liens attach, subject to the prior equities of parties. Simmons v. North, 3 Smedes & Marshall’s R. 72.
(2.) Although the paper delivered by Porter to Hall as and for a mortgage was in fact no mortgage, yet Porter — (and, of course, the plaintiff also, who stands in his shoes) — is estopped to deny that it is a mortgage. He delivered it to Hall, and obtained credit to a large amount on the faith of it as a mortgage ; he can not, without fraud, now deny that it is a mortgage ; and to permit him to do so, would be permitting him to take advantage of his own wrong. He is not now at liberty to assert the truth as against one who has parted with money on the faith of his falsehood. It is an estoppel in pais, and is equally effectual in law and in equity. Merritt v. Horne, 5 Ohio St. Rep. 317. “Privies in bloud,as the heire; privies in estate, as the feoffee, lessee, etc.; privies in law, as the lords by escheat; tenant by the curtesie, tenant in dower, the incumbent of a benefice, and others that come under by act of law, or in the post, shall be bound and take advantage of estoppels.” Co. Lit., lib. 3, sec. 667.
(3.) But this estoppel does not apply as against Mrs. Porter. She was not a party to the attempted fraud, and ought not to be estopped by the fraudulent act of her husband. McFarland v. Febiger’s heirs, 7 Ohio Rep., pt. 1, 194. Besides, being a feme covert, she could relinquish her inchoate right of dower' in her husband’s lands only in the mode prescribed by the-statute, by joining with her husband in a deed; and here there-was no deed; and she is not estopped so to aver.
These are the conclusions to which we are brought, in considering the case in the light of general principles.
But it is contended, in behalf of the plaintiff, that we are-precluded from applying the doctrine of estoppel in this case,, by reason of the special provisions of our statutes in respect to mortgages as authoritatively construed by this court; and the language of the opinion in Strang v. Beach, 11 Ohio St. Rep. 288, is strongly urged in favor of this view of the case. It-is there said, that “ under the express and peculiar phraseology of these statutes, a series of authoritative decisions have been made in this state, holding that such mortgages only as were *455 signed, sealed, witnessed and acknowledged in accordance with the provisions of the first section of the act . . . referred to, were entitled to be recorded, or could be recognized as having been delivered for record or recorded; and that none but mortgages so executed akd delivered for record or recorded, could have any effect whatsoever, either at law or in equity, as to third parties, whether such third parties had notice of the defectively executed or unrecorded mortgage or not.”
To this appeal, founded on the language employed in that case, it seems to us it may well be replied:
(1.) On the face of this mortgage, whether we look at the original instrument, or as it stands spread out upon the county records, there is no apparent defect; nothing which would give notice to the mortgagee, or to one inquiring in respect to its validity, of any defect in form or infirmity in substance; on its face everything is regular and complete. The question, between the mortgagee and the plaintiff, who stands in the shoes of the mortgagor, is — was it regular and complete ? In order to maintain the negative of this question, the plaintiff is compelled to go behind the instrument, and behind the record. He is compelled to resort to allegation and proof of matters in pais; then comes in an established doctrine of the law and rule of evidence, which, in furtherance of justice, excludes such proof; and so leaves the mortgage unaffected by the alleged infirmity. It remains, in the judgment of law, what on its face, and on the face of the record, it appears to be — a complete mortgage duly executed and recorded.
(2.) But the court, in Strang v. Beach, does not stop with the remarks above quoted, but goes on to refer to the remarks in the court in the case of White v. Denman, 1 Ohio St. Rep. 110, where in respect to “ the judicial construction of the registry act of 1831, which has prevailed in this state for some years past,” that “ a mortgage which is not duly executed and delivered for record, has no validity, either in law or equity, against a judgment lien;” it is said, that if the question “ had not been determined by adjudication in this state, and affirmed and adhered to for a number of years, a majority of this court would *456 feel contained to take a different view of it.” And in the, case of Strang v. Beach also, the court distinctly intimate that the current of decision referred to, and complained of, although it would be maintained to the extent already established, ought not to be, and would not be carried further; that we would hereafter go no further than the provisions of the statute, as already fixed by judicial construction, compelled us to go.
Now it would be tiresome to review the series of decisions to be found in our reports, in which mortgages have been held defective in execution, or in record; but, if examined, it will be found that in none of them was the defect of such a character as could be made apparent only by proof of matters in pais, and in all of them the defect was in respect to something apparent on the face of the instrument, or its record; and in none of them has it ever been held that a party may not, in a proper case, be precluded by an estoppel in pais from alleging and proving a defect which exists only in pais. We are un- ' willing so to hold, and, by so doing, not only to work out a result manifestly unjust in the particular case before us, but to cause a still wider divergence between the policy which has obtained in this state, and that which prevails elsewhere under the general principles of jurisprudence.
On the facts found by the district court, the cause is remanded, with instructions that a decree be rendered therein, sustaining the validity of Hall’s mortgage as against Porter, but expressly excluding the inchoate right of dower of Mrs. Porter from the operation of said mortgage.
Scott, Wilder and White, JJ., concurred.
Ranney, J., having been of counsel in this case, did not sit in the hearing and determination thereof.